■ In the Matter of the STATE OF NEW YORK, Respondent, v RICHARD W. ZIMMER, Appellant. (Appeal No. 1.) [879 NYS2d 755]— Appeal from an order of the Supreme Court, Oneida County (James C. Tormey, J.), entered February 7, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, granted in part petitioner's motion to unseal certain records.

Appeal from an order of the Supreme Court, Oneida County (James C. Tormey, J.), entered March 13, 2008 in a proceeding pursuant to Mental Hygiene Law article 10. The order, insofar as appealed from, granted petitioner's motion to change the venue of the trial from the county where respondent is located to the county where the underlying offenses occurred.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the first and third ordering paragraphs are vacated.

Memorandum: In this Mental Hygiene Law article 10 proceeding, respondent appeals from an order that granted petitioner's motion to change the venue of the trial from Oneida County, where respondent is located, to Broome County, where the underlying sex offenses occurred. We agree with respondent that Supreme Court erred in granting the motion. Pursuant to Mental Hygiene Law § 10.08 (e), "the court may change the venue of the trial . . . for good cause, which may include

considerations relating to the convenience of the parties or witnesses or the condition of the respondent." Petitioner supported its motion with an attorney's affirmation containing general allegations concerning the convenience of petitioner's unidentified witnesses and setting forth in a conclusory manner that respondent had the greatest ties to Broome County. In light of the lack of specificity in petitioner's motion papers, we conclude that petitioner failed to establish good cause for the change of venue (*see id.*). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.